LONG BEN, RESPONDENT, v. EASTERN MOTOR COMPANY, APPELLANT.

Submitted December 5, 1919—Decided March 22, 1920.

1. Where plaintiff's automobile was damaged in a collision with another automobile, the fact that he first brought suit against the driver alone constitutes no reason for dismissing the action as to the defendant, owner, whom, before trial, the plaintiff had caused to be added as a party defendant by service of summons and amended complaint.

2. It was open to the trial judge, sitting without a jury, to find that one authorized to demonstrate and sell an automobile for the defendant owner on commission, who negligently ran into and damaged the plaintiff's car, while driving to the defendant's place of business after having finished such demonstration, was the servant or agent of the defendant, and that the defendant is liable for such injury.

On appeal from the Atlantic City District Court.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the appellant, *Clarence L. Cole.*

For the respondent, *Oliver T. Rogers.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff's automobile was damaged in a collision with an automobile owned by the Eastern Motor Company and driven negligently by Edward Folwell.

This suit was originally begun against Folwell alone, but later, and before trial, the Eastern Motor Company was added as a party defendant by service of summons and appropriate amendment of the complaint.

Upon the trial judgment was rendered against the Eastern Motor Company alone, and it appeals.

We are of the opinion that the judgment ought not to be disturbed.

We think that the motion made by the Eastern Motor Company "to dismiss action as to defendant Eastern Motor Company" was rightly denied. It was rested upon the notion that because the suit was instituted against the driver alone, the owner could not thereafter be brought in as a defendant. But that is not so. Section 9 of the Practice act 1912 (*Pamph. L., p.* 379) enacts that "new parties may be added * * * by order of the court, at any stage of the cause, as the ends of justice may require."

We think that the motion for a direction of a verdict in favor of the defendant company was properly refused. It was grounded upon the contention that the "facts did not justify a finding that there was a relation of master and servant" between the company and the negligent driver. But that is not so. An examination of the "agreed state of facts" discloses that Folwell (the driver) "demonstrated and sold automobiles" for the defendant company; that "his compensation was a commission if he sold;" that on the occasion in question he was expressly "authorized" by the company to "demonstrate and sell the machine for said company," and that, while returning to the place of business of the company, after having finished such demonstration, he negligently ran into and damaged the automobile of the plaintiff. It was therefore clearly open to the trial judge, sitting without a jury, to find that the driver at the time of the injury was the servant or agent of the defendant, and that the act was done in the course of, and was within the scope of, his employment, and that consequently the defendant was liable. The driver was acting with the authority of the defendant and for its interest and benefit, and the fact that his compensation was by way of commissions on the sale rather than by the day or week, is immaterial.

The judgment below will be affirmed, with costs.